**TEXAS GULF SULPHUR COMPANY, Petitioner-Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner.**

**No. 72–1272**
**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

July 17, 1972.

---

[*] [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F. 2d 409, Part I.

John B. Abercrombie, Daniel O. Goforth, of Counsel: Baker & Botts, Houston, Tex., for petitioner-cross-respondent.

Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Washington, D. C., Clifford Potter, Director, Region 23, NLRB, Houston, Tex., Peter G. Nash, Gen. Counsel, Marion Griffin, Lawrence D. Levien, Attys., NLRB for respondent-cross-petitioner.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

■ This case is before us on the petition of Texas Gulf Sulphur Company to review and set aside an order of the National Labor Relations Board, issued against the Company on January 24, 1972, 195 N.L.R.B. No. 10. The Board has filed a cross-application for enforcement of its order, pursuant to 29 U.S.C. § 160. The Board found that Texas Gulf discharged four employees (Brownshadel, Breaux, Sherman and Munoz) in violation of sections 8(a) (3) and (1) of the Act. It concluded that although the company was justified in laying off a certain number of employees for economic reasons, it laid off the four employees in question because of their union activities. The issues before us are particularly factual and turn on the credibility of witnesses who testified below. There is substantial evidence on the record considered as a whole to support the Board's findings. See 29 U.S.C. § 160; Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); N. L. R. B. v. Hertz Corporation, 5 Cir., 1971, 449 F.2d 711.

■ In addition to ordering the Company to post appropriate notices at the plant where the four employees worked, the Board ordered the Company to post the notices at other facilities within the particular division of the Company located in the same geographical area. The Board sought to eliminate any coercive impact at the other plants resulting from the unfair labor practice. The order is well within the Board's broad remedial authority. See National Labor Relations Board v. Lummus Co., 5 Cir., 1954, 210 F.2d 377; J. P. Stevens & Co., Inc. v. N. L. R. B., 5 Cir., 1969, 417 F.2d 533.

Accordingly, the Board's order is enforced.